# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8324 | **DATE** | 6/26/2007 |
| **CASE TITLE** | 02C8324 Kehr, et al. vs. Sears Roebuck & Co., et al. | | |

## DOCKET ENTRY TEXT

Plaintiffs' Motion for Final Approval of the Class Action Settlement and Petition for Attorneys' Fees [120, 121, 122, 123] following a fairness hearing are granted. Entered separately are the Final Approval Order and Judgment of Dismissal and Final Order Awarding Class Counsel Attorneys' Fees and Reimbursement of Expenses and Plaintiffs' Case Contribution Award.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Currently before the Court are motions of Plaintiffs – Michael G. Cherperka, Bill Kehr, Kenneth L. Hawkins, and Margaret Villano, participants in the Sears 401(k) Savings Plan ("Plan"), on behalf of themselves and others similarly situated – for Final Approval of Settlement, Certification of Settlement Class and Approval of the Plan of Allocation and Motion for Award of Class Counsel Attorneys' Fees and Reimbursement of Expenses and Plaintiffs' Case Contribution Award. A final approval hearing for the proposed class settlement was held on May 24, 2007. The parties filed written submissions, which included: an affidavit of co-lead counsel, Edwin Mills; an affidavit of Anya Verkhovskaya, Senior Vice President of A.B. Data LTD, the company hired by Class counsel to provide notice to the Class members; and affidavits of Michael Cherperka, Margaret Villano and Kenneth Hawkins, three of the lead plaintiffs; detailed biographies of the Class counsel; and objections filed by two of the Class members, Lula Pickett and John Giorgakis.

Federal courts have an interest in and favor settlements of class-action litigation. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) (*Bayh*). Settlement "not only serves judicial economy, but also provides quick relief to the plaintiff and allows the parties to avoid future expense and uncertainty of litigation." *Edward Hines Lumber Co. v. Vulcan Materials Co.*, 1987 WL 27368 (N.D. Ill. Dec. 4, 1987). "This is especially true in complex . . . litigation which would place an enormous strain on the judicial caseload if settlements were not encouraged." *United States v. SCA Serv. of Ind. Inc.*, 827 F. Supp. 526, 531 (N.D. Ind. 1993). While the settlements must be approved by the district court, the court's inquiry is limited to the consideration of whether the settlement is lawful, reasonable, fair, and adequate. *See Bayh*, 75 F.3d at 1196.

Information related to the settlement of this case was mailed directly to 131,930 current and former participants of the Plan on March 21, 2007. Notice of the Settlement was also printed in the April 2, 2007 edition of *USA Today*; and the Settlement Administrator has maintained a website dedicated to the Settlement. Objections by only two Class members – Lula Pickett and John Giorgakis – were received and

reviewed by the Court. The objectors did not appear at the fairness hearing. For the following reasons, the objections of the Class members are overruled.

Pickett "objects" on the basis that she does not believe the Plan was harmed by the Defendants' actions, which would *favor* approval of the settlement. Moreover, based on the extensive litigation before settlement, including massive discovery efforts, successful defense of Defendants' Motion to Dismiss and the novel questions of law and fact bearing on Plaintiffs' theory of recovery (particularly considering the recent holding in *Summers v. State Street Bank & Trust, Co.*, 453 F.3d 444 (7th Cir. 2006)), the proposed settlement is fair and reasonable; and Pickett's "objection" is overruled. It is also noted that State Street Bank & Trust Company was retained by the Defendants to independently evaluate the settlement. In issuing its report, State Street Bank & Trust Company found the settlement to be reasonable.

Giorgakis's objection relates to the requested amount of attorneys' fees and expenses to be paid to Class counsel. Additionally, Giorgakis asserts that the Defendants should be responsible for the requested attorneys' fees and reimbursement of expenses and that these fees should not come from the Settlement of the underlying litigation. Here, however, the Court finds the attorneys' fees calculation reasonable. The settlement agreement provides for payment of approximately 30 percent of the Settlement Total, plus $978,600.59 in expenses reasonably incurred by Class counsel. The requested fee totals approximately $4,350,000 and represents less than half of Plaintiffs' counsel's combined lodestar of $10,683,906.00. It is common to award attorneys' fees for the class based on a percentage of the fund when a class action produces a fund for the class. *See Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) (*Gaskill*). A typical contingent fee is between 33 and 40 percent, and awards constituting 38 percent have been upheld. *See Gaskill*, 160 F.3d at 362; *see also In re Lithotripsy Antitrust Litigation*, 2000 WL 765086 (N.D. Ill. June 12, 2000) ("Many courts in this district have utilized [the percentage of fund] method of establishing fees, and 33.3% of the fund plus expenses is well within the generally accepted range of the attorney[']s fee awards in class-action antitrust lawsuits.").

As more fully set forth in the Final Approval Order and Judgment of Dismissal, the settlement is lawful, reasonable, fair, and adequate; and Class counsel's fees and costs incurred are reasonable.